IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FLORENCE ELLIS                                                                                         Plaintiff

v.                                          No. 4:14-CV-534-KGB-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration                                                                      Defendant

## RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition was prepared for U.S. District Judge Kristine G. Baker. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Baker may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Recommended Disposition**

Florence Ellis seeks judicial review of the denial of her second application for supplemental security income (SSI).[3]  Ms. Ellis claims she has been disabled since February 1, 2010, but SSI benefits are not payable prior to the application date.[4]  Because she applied on January 6, 2012, this case considers whether Ms. Ellis was disabled beginning on that date.  Ms. Ellis was twenty-five years old when she applied for SSI. She based disability on scoliosis, five bulging discs in her back, depression, completely rotated pelvis, and nerve damage in the legs.[5]

**The Commissioner's decision**.  After considering the application, the Commissioner's ALJ determined Ms. Ellis has severe impairments — scoliosis, bulging discs, depression, pelvis rotated, nerve damage in the legs, and obesity[6] — but she can do some sedentary work.[7]  Because a vocational expert identified available work for a person

---

[3]SSA record at p. 126 (applying on Jan. 6, 2012, and alleging disability beginning Feb. 1, 2010.  *See id* at p. 137 (indicating first application was denied on Sept. 22, 2011).

[4]*See* 20 C.F.R. § 416.335; *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

[5]SSA record at p. 141 (also stating that she quit working because she was a single parent and lacked money for childcare).

[6]*Id*. at p. 30.

[7]*Id*. at p. 32 (placing the following limitations on sedentary work: (1) occasional stooping, crouching, crawling, and kneeling; (2) incidental interpersonal contact; (3) tasks learned by demonstration or repetition within 30 days with few variables; (4) little judgment required; and (5) simple, direct, concrete supervision.

with Ms. Ellis's impairments,[8] the ALJ determined Ms. Ellis is not disabled and denied the application.[9]

After the Appeals Council denied a request for review,[10] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[11] Ms. Ellis filed this case to challenge the decision.[12] In reviewing the decision, the court must decide whether substantial evidence supports the decision and whether the ALJ made a legal error.[13]

**Ms. Ellis's allegations**. Ms. Ellis asks the Court to remand this case because the ALJ did not include obesity in the hypothetical question. Ms. Ellis relies on *Morrison v. Apfel*, 146 F.3d 625 (8th Cir. 1998), and a treating physician's warning about the complications of

---

[8]*Id*. at p. 59.

[9]*Id*. at p. 41.

[10]*Id*. at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

3

obesity.[14] In *Morrison*, the Eighth Circuit remanded, in part, because the ALJ failed to include obesity in the hypothetical question.[15] On this authority, Ms. Ellis maintains the ALJ's hypothetical question was defective.

**Applicable legal principles**. Ms. Ellis's argument implicates step five of the disability-determination process. At step five, the Commissioner considers whether work exists that the claimant can do given her medical impairments, age, education, past work experience, and residual functional capacity.[16] If the Commissioner shows work exists that the claimant can do, the claimant is not disabled.

In determining whether work exists that the claimant can do, the Commissioner must obtain vocational evidence if the claimant has a nonexertional impairment.[17] Obesity is a nonexertional impairment.[18] The Commissioner obtains vocational evidence by questioning a vocational expert using a hypothetical question. "A hypothetical [question] is sufficient if it sets forth impairments supported by substantial evidence in the record and

---

[14]SSA record at p. 211 (Oct. 29, 2010: "She is markedly obese. We have addressed the concerns with her back pain and general health being related to complications produced by obesity. She is not willing to discuss any sort of surgical intervention but wants to do her weight loss with diet and exercise. However, she cannot exercise presently because of her continued discomfort in the back.").

[15]The other reason for remanding was the failure to address the VA's disability rating. *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998).

[16]20 C.F.R. § 416.920(a)(4).

[17]*Stewart v. Shalala*, 957 F.2d 581, 586 (8th Cir. 1992).

[18]*Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997).

accepted as true by the ALJ."[19] A "hypothetical question need not frame the claimant's impairments in the specific diagnostic terms used in medical reports, but instead should capture the 'concrete consequences' of those impairments."[20]

**The hypothetical question captured the concrete consequences of Ms. Ellis's impairments**. Ms. Ellis submitted many treatment records, but those records show little physical impairment.[21] Diagnostic imaging of the lower spine shows decreased disc height at levels L3/4 and L4/5, a minimal disc bulge at L4/5 which creates a slight indentation on left neural foramen, and a minimal left posterolateral protrusion at level L5/S1 which causes a slight indentation on left neural foramen.[22]

According to medical experts, Ms. Ellis can do light work involving occasional stooping, crouching, crawling, and kneeling.[23] To the extent obesity poses more impairment, the ALJ captured the concrete consequences of obesity by limiting Ms. Ellis to sedentary work.

---

[19]*Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001).

[20]*Lacroix v. Barnhart*, 465 F.3d 881, 889-90 (8th Cir. 2006).

[21]Many of the treatment records generated during the time period for which benefits were denied flowed from urinary tract infections. SSA record at p. 613 (Feb. 22, 2102), p. 581 (May 28, 2012), p. 573 (June 26, 2012), p. 564 (July 8, 2012), p. 557 (July 15, 2012), p. 549 (July 21, 2012) & p. 528 (Jan. 5, 2013). Ms. Ellis's primary complaint — low back pain — is a common symptom of urinary tract infection. Alic, Margaret, Urinary Tract Infection, 6 The Gale Encyclopedia of Med. 4514 (4th ed.).

[22]SSA record at p. 515.

[23]*Id*. at pp. 394 & 489.

*Morrison* **provides no basis for relief because the result flowed from the 1997 Listing of Impairments.**[24] In 1997, obesity was a listed impairment in the Listing of Impairments.[25] In 1999, the Commissioner deleted the obesity listing because the required criteria "did not represent a degree of functional limitation that would prevent an individual from engaging in any gainful activity."[26] The Commissioner modified other listings to ensure the effects of obesity are considered in determining whether claimants are disabled and to remind ALJs "that the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately."[27] The Commissioner also revised its policy guidance for evaluating obesity in disability claims.

The ALJ's reference to the Commissioner's policy[28] and the reduction to sedentary work shows the ALJ considered the effects of obesity. No reason existed to include obesity in the hypothetical question. The ALJ did not err in questioning the vocational expert.

## Conclusion and Recommendation

Substantial evidence supports the ALJ's decision because a reasonable mind would

---

[24]*Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998) ("While Morrison's weight does not meet the listing level at which he would be automatically disabled by his obesity, at the time of the hearing, he was within sixteen pounds of meeting the listing. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 (1997).").

[25]20 C.F.R. Pt. 404, Subpt. P, App. 1 (1997).

[26]SSR 02-1p, *Policy Interpretation Ruling Titles II & XVI: Evaluation of Obesity*.

[27]*Id*.

[28]SSA record at pp. 30-31.

6

accept the evidence as adequate to show Ms. Ellis can work within the ALJ's parameters because the vocational expert identified available work. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends denying Ms. Ellis's request for relief (docket entry # 2) and affirming the Commissioner's decision.

    Dated this 7th day of May, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE