**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**FLORENCE ELLIS**                                                                                    **PLAINTIFF**

**v.**                             **Case No. 4:14-cv-00534-KGB-JJV**

**CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration**                                                                **DEFENDANT**

**ORDER**

The Court has received the Recommended Disposition from Magistrate Judge Joe J. Volpe (Dkt. No. 12). After careful review of the Recommended Disposition, and the timely objections received thereto (Dkt. No. 13), as well as a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

The Court writes separately to address plaintiff Florence Ellis's objections (Dkt. No. 13). Ms. Ellis asserts that there is not substantial evidence in the record as a whole to support the Commissioner's decision to deny Ms. Ellis Social Security Income benefits when the hypothetical posed by the Administrative Law Judge ("ALJ") to the vocational expert ("VE") omitted any reference to Ms. Ellis's morbid obesity. Specifically, Ms. Ellis contends that Judge Volpe incorrectly concluded that the ALJ's hypothetical question to the VE captured the concrete consequences of Ms. Ellis's physical limitations and restrictions, despite the fact that, as Ms. Ellis contends, the question did not refer to obesity or the consequences of that condition.

In considering Ms. Ellis's objections, the Court notes that its "standard of review is narrow." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The Court "must determine whether the Commissioner's decision is supported by substantial evidence in the record as a whole." *Sultan*

*v. Barnhart*, 368 F.3d 857, 862-63 (8th Cir. 2004). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* To determine whether the evidence is substantial, courts "consider evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Id.* "If, after reviewing the record, the court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the Commissioner's decision. Even if we would have weighed the evidence differently, we must affirm the denial of benefits if there is enough evidence to support the other side." *Pearsall*, 274 F.3d at 1217.

Ms. Ellis argues that Judge Volpe erred in concluding that, because the hypothetical question captured the concrete consequences of obesity, the Eighth Circuit's decision in *Morrison v. Apfel*, 146 F.3d 625 (8th Cir. 1998), does not require reversal of the Commissioner's decision. When an ALJ poses a hypothetical question to a vocational expert to determine the availability of other work, the ALJ must precisely set out all of the claimant's impairments. *Morrison*, 146 F.3d at 628. Specifically, in regard to obesity, although obesity was listed as an impairment in the 1997 version of the Listing of Impairments, the Commissioner deleted the obesity listing in 1999 and modified other listings and agency policy to ensure that, despite its removal as a listing, the effects of obesity are considered in determining whether claimants are disabled.

Here, the ALJ addressed Ms. Ellis's weight and body mass index throughout the decision (Dkt. No. 8, Tr. at 30–31). Agency medical experts limited Ms. Ellis to light work with postural limitations due to degenerative disc disease, chronic back pain, and her weight. Her weight provided the only basis for the ALJ's reduction to sedentary work. The use of the descriptors "minimal" and

"slight" in the diagnostic imaging report of the lumbar spine suggests no disabling pain or limitation (Dkt. No. 8, Tr. at 515). No evidence supports the alleged scoliosis, rotated pelvis, or nerve damage in the legs.

Since *Morrison*, the Eighth Circuit has affirmed that the hypothetical question posed to the VE need not explicitly use the word obesity as long as the ALJ adequately describes the claimant's physical limitations and restrictions. *See, e.g.*, *Robson v. Astrue*, 526 F.3d 389 (8th Cir. 2008); *Thompson v. Astrue*, 226 F. App'x. 617, 620 (8th Cir. 2007) (unpublished). While the ALJ's hypothetical to the VE did not include the term obesity, based on this Court's *de novo* review of the record as a whole, the hypothetical questions posed by the ALJ to the VE adequately addressed Ms. Ellis's physical limitations and restrictions (Dkt. No. 8, Tr. at 58–60).

The Court concludes that the Commissioner's decision is supported by substantial evidence in the record as a whole. It is therefore ordered that the Commissioner's decision is affirmed, Ms. Ellis's request for relief is denied, and this case is dismissed with prejudice. Judgment shall be entered accordingly.

SO ORDERED this 29th day of September, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE